UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEOBALDO RODRIGUEZ BUSTILLO,

Petitioner,

v.

TONYA ANDREWS,

Respondents.

No. 1:26-cv-05737-DJC-AC

RELEASE ORDER

A# 095-086-391

Petitioner David Leobaldo Rodriguez Bustillo is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 3). The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 8.) Neither party objected to the Court ruling directly on the merits of the petition. In light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ---,

2026 WL 2196424 (9th Cir. July 30, 2026), Respondents have conceded that binding precedent establishes a statutory right to a bond hearing. (ECF No. 9.) But the lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release. *See Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026); *see also Gerstein v. Pugh*, 420 U.S. 103, 125–126 (1975) (For state criminal defendants "a timely judicial determination of probable cause is a necessary prerequisite of detention[.]"); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (In the context of parole revocation "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest ...."); *United States v. Montalvo-Murillo*, 495 U.S. 711, 723 n.3 (1990) (Stevens, J., dissenting) (stating that "[w]e have recognized that delay of a hearing related to detention itself can violate constitutional guarantees of due process[,]" and citing the previously cited cases). Respondents also previously argued that the Court should order a bond hearing as opposed to release based on Petitioner's criminal history. However, the offenses in Petitioner's record well pre-date Petitioner's present detention and do not justify the failure to provide Petitioner with pre-deprivation notice and an opportunity to be heard.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner David Leobaldo Rodriguez Bustillo from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents

may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve Golden State Annex with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE